■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH V. AUGELLO, Appellant.— Order unanimously affirmed. Memorandum: The appellant did not ask for assignment of counsel on this appeal. (Appeal from order of Erie Special Term denying, without a hearing, motion to vacate a judgment of conviction for murder, first degree, rendered March 9, 1944.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

■ LOUIS M. KAGAN, Respondent, v. UNITED STATES LIFE INSURANCE COMPANY, Appellant.— Judgment awarding summary judgment unanimously reversed, without costs of this appeal to either party and motion denied, without costs; order of October 29, 1963, modified to provide that the denial of defendant's motion for a physical examination is without prejudice to reapply for an examination. Memorandum: Summary judgment should not have been granted to plaintiff. An issue of fact was presented as to the onset of the sickness, including the question of whether the condition for which the insured was operated upon was a new sickness or the result of a natural progression of a former illness. At the time of reargument and the decision thereafter, the new CPLR was in effect and applicable. 3212 is particularly pertinent to the present motion. Subdivision (f) thereof provides that it should appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or order a continuance to permit affidavits to be obtained or disclosure to be had. This section alone should have prompted the denial of the motion, particularly in view of the fact that the requested physical examination was not permitted. It was apparent that the defendant was in no position to determine whether this was a new sickness. The defendant may never be in a position to dispute this without a physical examination. The original application for a physical examination was made under section 306 of the Civil Practice Act, which applied to examinations where claims for physical injuries were involved. The new 3121 of the CPLR permits an examination in any action "in which the mental or physical conditions * * * of a party * * * is in controversy". A physical examination was denied in part because section 306 of the Civil Practice Act did not authorize it; but again we say that, upon reapplication, 3121 of CPLR was before the court. Furthermore, *Beckley* v. *Otsego County Farmers Co-op. Fire Ins. Co.* (3 A D 2d 190) and other similar cases relied upon by Special Term in denying a physical examination have no application. There the applications for examinations were made under the terms of contracts that had already been repudiated by the insurance companies. Here the examination is not sought under the contract. It is sought under the general right to obtain disclosure and in the furtherance of exchange of information. The defendant should have the right to reapply for a physical and oral examination. (Appeal from judgment of Onondaga Special Term granting plaintiff's motion for summary judgment and denying defendant's cross motion for a physical examination; also appeal from order of Onondaga Special Term which confirmed the court's previous order.) Present — Williams, P. J., Bastow, Henry and Noonan, JJ.