█ IRVING GROSS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49984.) — STALEY, JR., J. Appeal from an order of the Court of Claims, entered February 11, 1969, which denied the State's motion for an order dismissing the claim on the grounds that the Court of Claims lacked jurisdiction of the subject matter, and that the claim failed to state a cause of action. On or about May 27, 1968 claimants presented to the Secretary of State a certificate of incorporation of Baron Decorators, Ltd., which certificate was accepted and filed. Claimants allege that thereafter they were advised that the said name of Baron Decorators, Ltd., was not available because of a conflict with a corporation incorporated in 1940 known as Baron Decorating Service, Inc. (General Corporation Law, § 9.) Thereafter claimants filed an application for a change of name of their corporation to Carlin Decorators, Ltd., and allege that they have been damaged by reason of the negligence of the employee of the Secretary of State's office who failed to advise them that the name applied for was not available, and that claimants were further damaged by reason of the necessity to change their corporate name. The trial court held that the claim does state a cause of action, and that the examination of the files in the Secretary of State's office " to ascertain the availability of a corporate name is purely a clerical or ministerial function for which an individual or private corporation could be liable if either of the latter performed the same in a negligent manner ". The State contends that the act of the Secretary of State, in approving or

disapproving corporate names, is a purely governmental function and that, therefore, the State has not waived its immunity from suit. (Court of Claims Act, § 8.) Claimants contend that the negligent act involved here was merely a clerical or ministerial function which does not absolve the State from liability. It has uniformly been held that the State would not be responsible for the tortious acts of its employees performed clearly as a governmental function requiring the exercise of discretion or judgment of a quasi-judicial nature. (*Weiss* v. *Fote,* 7 N Y 2d 579; *Bernkrant* v. *State of New York,* 26 A D 2d 964; *Rottkamp* v. *Young,* 21 A D 2d 373, affd. 15 N Y 2d 831; *Granger* v. *State of New York,* 14 A D 2d 645.) However, the waiver of immunity provided by section 8 of the Court of Claims Act applies to the sovereign the same test of liability as would be applied to an individual or private corporation if it were obligated to discharge a governmental function. (*Weiss* v. *Fote, supra*; *Becker* v. *City of New York,* 2 N Y 2d 226; *Simon* v. *City of New York,* 53 Misc 2d 622.) As the court stated in *Rottkamp* v. *Young* (21 A D 2d 373, 375): " Under the rule a distinction is drawn between a ministerial or nondiscretionary act from which liability ensues if done wrongfully, and a judicial or discretionary act for which the public officer is immune from liability even if the act is wrongful (2 Harper and James, Law of Torts, § 29.10, pp. 1638–1646; Prosser, Torts [2d ed.], § 109, pp. 780–783) ". The decisive question here is whether or not the act of the employee in the Secretary of State's office in checking the files of corporate names to ascertain whether a conflict existed between the name applied for by respondents and existing corporate names was a discretionary act or a ministerial act. The rules and regulations promulgated by the Secretary of State (Executive Law, § 91) provide that when the Secretary of State informs a proposed corporation that a name is available, it is not to be construed as final assurance of acceptance until the certificate is actually filed (19 NYCRR 146.4) and, in determining whether a name conflicts with that of an existing corporation, the Department of State follows the provisions of the statute and, in doubtful cases, it may exercise some discretion. (19 NYCRR 147.1.) An inadvertent acceptance of a corporate name that should have been rejected represents nothing more than mere error or oversight in the administrative process of examining proposed certificates of incorporation. (1961 Op. Atty. Gen. 46.) The main object of section 9 of the General Corporation Law is to prevent a proposed corporation about to organize from assuming the name of an existing corporation, or one so nearly resembling it as to be calculated to deceive or mislead the public. (*People ex rel. U. S. Grand Lodge O. B. A.* v. *Payn,* 161 N. Y. 229, 232.) " The duty of the Department of State was a duty to the public in the first instance." (*Matter of Barver Co.* v. *Department of State,* 277 N. Y. 55, 62.) The Legislature in enacting section 9 contemplated the exercise of a governmental function to protect the public against being deceived or misled by prohibiting the approval of a certificate of incorporation of a proposed corporation which would have the same or similar name of a prior authorized corporation. When the Secretary of State accepted respondents' certificate of incorporation for filing, he was acting pursuant to the authority vested in him under section 9 of the General Corporation Law and in a quasi-judicial capacity which requires the exercise of judgment and discretion. The State's waiver of immunity and assumption of liability has never extended to redress individual wrongs which may have resulted from an error in the exercise of judgment by an officer of the State in the performance of his duty. (*Bernkrant* v. *State of New York,* 26 A D 2d 964; *Granger* v. *State of New York,* 14 A D 2d 645; *Matter of Jervis Corp.* v. *Secretary of State of State of N. Y.,* 43 Misc 2d 185; *Bertch* v. *State of New York,* 193 Misc. 259.)

Order reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Staley, Jr., J.