Bernard Bellows, Respondent, *v.* State of New York, Appellant. (Claim No. 52071.)

Fourth Department, October 28, 1971.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz and Ruth Kessler Toch* of counsel), for appellant.

*Gage & Gage (Walter C. Gage* of counsel), for respondent.

GABRIELLI, J.   The State appeals from an order of the Court of Claims which denied a motion to dismiss a claim which alleges negligence in failing to provide claimant with adequate psychiatric and medical care during his incarceration from February 7, 1951 to November 3, 1969.

In order to set the stage for a discussion of the principles of law which are determinative of this appeal, it is appropriate for us to relate the unusual and extraordinary factual background which provides the basis for claimant's demand for damages. Pursuant to the provisions of section 2189-a of the former Penal Law, he was sentenced to an indeterminate term of one-day-to-life following his guilty plea to assault second degree with intent to commit sodomy, in satisfaction of an indictment charging him with carnal abuse of a child, assault second degree with intent to commit sodomy, sodomy first degree, and endangering the life and health of a child.   The claimant was paroled on June 14, 1956 and returned to prison for a violation of parole on July 17, 1958.   He was paroled a second time on August 3, 1966 and subsequently returned to prison on January 12, 1967 for again violating his parole.   Finally, claimant was released from confinement following a modification of his sentences pursuant to the provisions of section 553 of the former Code of Criminal Procedure (33 A D 2d 641) because of a current psychiatric evaluation that he was not then a danger to society.   Claimant now asserts that during his periods of incarceration there was a failure to furnish him with a sufficient amount of psychiatric and medical diagnosis and care and he asks the State to respond in money damages.   The parties and the Court of Claims have treated the present proceeding as an application to dismiss the claim for insufficiency.

We conclude that the claim does not state a cause of action. The frequency and amount of psychiatric treatment or care to be furnished to a prisoner is an administrative decision, and the type of treatment to be afforded him is a governmental function. If there has been a failure to exercise properly a governmental function (and there is no such evidence or concession), liability will not attach since the State has never waived its immunity in this regard (*Steitz* v. *City of Beacon*, 295 N. Y. 51; *Granger* v. *State of New York*, 14 A D 2d 645; *Young* v. *State of New York*, 278 App. Div. 997, affd. 304 N. Y. 677; *Murrain* v. *Wilson Line*, 270 App. Div. 372, affd. 296 N. Y. 845; Prosser, Torts [2d ed.], § 109, pp. 780–783). It is important to note that the claim now made does not relate to the manner or method in which a State agent carried out his duty, but actually to the governmental decision as to the amount or kind of psychiatric care and treatment that should be afforded a person; and the type or frequency of psychiatric care to be afforded stems from a discretionary decision-making process which does not result in civil liability on the part of the State (*Dennison* v. *State of New York*, 28 A D 2d 608, affd. 23 N Y 2d 996, cert. den. 397 U. S. 923). Additionally, we note that where a prisoner has displayed facts showing that there has been a failure of treatment, we have directed a current psychiatric examination to determine his fitness to return to society (*People ex rel. Kaganovitch* v. *Wilkins*, 23 A D 2d 178; *People ex rel. Piatt* v. *La Vallee*, 26 A D 2d 904; *People ex rel. Smith* v. *La Vallee*, 29 A D 2d 248). If, as found in claimant's prior application, a current evaluation revealed that he was no longer dangerous to society, he was to be released. None of these determinations, however, establishes any civil liability against the State. The waiver of immunity by section 8 of the Court of Claims Act which subjects the State to the same liability as individuals or corporations for like acts is of no avail to claimant. The kind of governmental administration with which we are here concerned is sovereign in character and completely foreign to any activity which could be carried on by a private person (*Weiss* v. *Fote*, 7 N Y 2d 579, mot. for rearg. den. 8 N Y 2d 934; *Steitz* v. *City of Beacon, supra*; *Granger* v. *State of New York, supra*).

The order should be reversed and the claim dismissed.

WITMER, CARDAMONE and HENRY, JJ., concur; GOLDMAN, P. J., not participating.

Order unanimously reversed on the law and facts without costs and claim dismissed.