Milton Alpert, J.
The instant claim has been filed seeking damages for alleged serious injuries sustained by the infant claimant when a metallic grate, located at the Fox Lane High School in Bedford, gave way. It is the gravamen of the instant claim that the defendant, through its Department of Education, was negligent in permitting the school district to create, erect and maintain an unsafe condition in violation of defendant’s statutory duty.
Claimants here move to examine the defendant before trial.
The defendant cross-moves for an order of dismissal on the grounds that the claim fails to state a cause of action against the defendant; that the court lacks jurisdiction, that the claim is late filed, and for summary judgment.
Of necessity, the defendant’s cross motion must be considered first.
The Bedford Central School District No. 2 owns and maintains the Fox Lane School, a public school. In 1969 the school district approved an addition to the school. Pursuant to section 408 of the Education Law, plans and specifications for improvements to school buildings must be submitted to and *400 approved by the Commissioner of Education before they may be implemented. The plans and specifications for the addition were submitted pursuant to such statutory requirement.
The Commissioner of Education, through his Division of Educational Facilities Planning, examined the plans and specifications and granted the district the commissioner’s approval.
Subdivision 1 of section 408 provides that the plans and specifications submitted "shall show in detail the ventilation, heating and lighting of such buildings.” (Emphasis supplied.) Further, subdivision 2 of section 408 (in effect in 1969) stated: "2. The commissioner of education shall not approve the plans for the erection of any school building or addition thereto or remodeling thereof unless the same shall provide for heating, ventilation, lighting, sanitation and health, fire and accident protection adequate to maintain healthful, safe and comfortable conditions therein.”
It is the State’s position that pursuant to such statutory requirement, as applied to the instant situation, it was required to examine the plans only to ascertain that gratings for provision of ventilation and air for the school’s heating boilers were included, but that detailed measurements and fabrication requirements relating to the gratings were not required to be checked or computed. It is the State’s position that the plans and specifications submitted are under seals of engineers and architects and that the State is required only to review the same to ascertain that the regulations are followed, but that the actual design and construction is left to the architects and engineers.
Attention is called to the commissioner’s certificate of approval of plans and specifications attached to the State’s cross motion wherein it is stated that his approval "does not signify approval of architectural or structural design, nor choice of building materials”. This clearly constitutes an administrative construction of what section 408 requires of the commissioner. Furthermore, the related provisions of the commissioner’s regulations (8 NYCRR 155.2, 155.3) are phrased in terms of general requirements rather than in terms of specific and exact measurements, or of qualities and strengths of materials, members and structures to be incorporated into a school building. Here again, there is an administrative construction of what section 408 was intended to accomplish. Such administrative construction is entitled to great weight (McKinney’s *401 Cons Laws of NY, Book 1, Statutes, § 129). As the court sees it, the section does not require specific review of each structural detail in the plans and specifications; rather a general, overall review is required to see that major features are provided for as required by the provisions of section 408.
The State argues that the commissioner’s actions are discretionary or quasi-judicial to which no liability of the State attaches and that the State’s waiver of immunity did not include such actions. The court agrees. The commissioner’s functions here fall within the rationale of the recent decision of the Appellate Division in Gross v State of New York (33 AD2d 868, 869).
With respect to the State’s cross motion to dismiss the claim as not timely filed, the motion is denied. The accident occurred on March 27, 1975 and the claim was filed on June 9, 1975, which was within 90 days of the occurrence. The derivative claim of the parent accrued at the same time.
However, for the above-described reasons, the claim is hereby dismissed on the merits because it does not state a viable cause of action against the State. Accordingly, claimants’ motion for an examination before trial must fall and is hereby denied.