■ HUDLEASCO, INC., Appellant-Respondent, v STATE OF NEW YORK et al., Respondents-Appellants. (Claim No. 60813.)—Cross appeals from an order of the Court of Claims, entered July 21, 1977, which denied claimant's motion for summary judgment and denied the State's cross motion to dismiss the claim. On May 8, 1973 claimant purchased certain vehicles and equipment from Leasemore Equipment, Inc. (Leasemore), and its subsidiary. Prior thereto claimant had requested the Secretary of State to search and to report on records of financing statements on file with him as of April 9, 1973 naming Leasemore (see Uniform Commercial Code, § 9-407). The search was completed on April 20, 1973 and the report stated there was "no record" wherein Leasemore was so named. In fact, such a record had been filed. Claimant first learned of its existence in September of 1974 when the owner of the vehicles, known as Industralease, sought to replevy them from claimant pursuant to CPLR article 71. In its papers supporting that action, Industralease maintained it leased the vehicles in question for a term of 60 months to Leasemore and that Leasemore was in default in payment of rent. As an alternative remedy to replevin, Industralease sought damages in the sum of $25,000, its stated value of the chattels. The action was settled and discontinued pursuant to written stipulation dated November 5, 1976, that, among other things, required claimant to pay the sum of $8,000 to Industralease which might be returned in the event a particular contingency, not relevant herein, was satisfied. On January 14, 1977, claimant filed its claim against the State alleging damages resulting from the Secretary of State's erroneous information concerning the filing of a financing statement involving Leasemore. In its answer, the State admitted that such a statement had been filed, but set forth affirmative defenses of untimely filing of the claim and sovereign immunity. Claimant moved for summary judgment on the issue of liability, and the State cross-moved to dismiss the claim. The Court of Claims denied both motions and these cross appeals ensued. In our view, the claim was not time-barred. Although claimant was well aware of the extent of its potential liability to Industralease in November of 1974, the essence of its claim rests on a theory of indemnification or contribution and, therefore, the Court of Claims correctly chose the later November, 1975 date of stipulation as the time when the claim accrued for the purpose of section 10 of the Court of Claims Act (see *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; cf. *Heritage Corp. of N. Y. v New York State Thruway Auth.,* 44 AD2d 869). The State no longer presses its argument based on sovereign immunity and, turning to claimant's cross appeal, we agree with the Court of Claims that the existence of possible defenses which depend on evidence not presently in the possession of the State would preclude summary relief in claimant's favor (CPLR 3212, subd [f]; *Simpson Box & Lbr. Co. v Crilly,* 31 AD2d 727; *Moskowitz v Garlock,* 23 AD2d 943; see *Kagan v United States Life Ins. Co.,* 21 AD2d 846). Order affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur. [90 Misc 2d 1057.]