■ LUDWIG J. ABRUZZO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64168.) — Appeal from an order of the Court of Claims (Murray, J.), entered December 1, 1980, which denied the State's motion to dismiss the claim. In January, 1973, claimant, an attorney, was appointed by order of the Suffolk County Supreme Court to be temporary receiver of a bankrupt corporation, A & M Carting Enterprises. In September, 1977, in the performance of that duty, he allegedly discovered irregularities in regard to sales tax payments and uncashed checks which he reported to the District Attorney, the Supreme Court and the State Tax Commission for an investigation of possible

criminal conduct and fraud. Thereafter, in July, 1975 and January, 1976, the Tax Commission issued notices of determination and demand for payment of sales and use taxes in the amount of $28,904.77 against claimant as receiver. Claimant applied to the commission for a revision of tax liability, and hearings were held from June, 1977 to November, 1978. On May 23, 1979, the commission found no personal liability against claimant and canceled the prior notices. Claimant then instituted the present action in the Court of Claims seeking $500,000 for the Tax Commission's tortious conduct in issuing the notices and demand for payment and for damages to the claimant's reputation, professional standing and credit rating. The State moved to dismiss the claim as time barred and for its failure to state a cause of action. The court denied the motion and this appeal ensued. Inasmuch as the State does not now challenge the determination as to timely filing of the claim, only the sufficiency of the cause of action need be considered. The amended claim seeks damages for the "wrongful, tortious and negligent conduct of the State" in the Tax Commission's issuance of the notices of determination and demand for payment of sales and use taxes when that department had "full knowledge of the fact that claimant never operated the business of A & M, nor collected any of its revenues, or paid any of its bills * * * during the tax period" in question. By its waiver of sovereign immunity (Court of Claims Act, § 8), the State has assumed liability for its conduct and consented to have such liability determined in accordance with the law applicable to individuals and corporations *(Florence v Goldberg,* 44 NY2d 189, 194-195). However, the State clearly has not waived its immunity for those acts of its agencies and employees, which are performed as part of its governmental function, involving the exercise of discretion or judgment of a quasi-judicial nature *(Gross v State of New York,* 33 AD2d 868; *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831; see, also, *Weiss v Fote,* 7 NY2d 579). Despite claimant's attempt to characterize the notices and demands for payment of sales and use taxes by the Tax Commission as "ministerial" or "nondiscretionary" acts, they clearly involve the exercise of judgment of a quasi-judicial nature. Therefore, no cause of action accrued from the now determined erroneous issuance of the notices and demand for payment. In addition, the State cannot be held liable for alleged negligence by one of its agencies in the performance of acts or functions which are "sovereign in character and completely foreign to any activity which could be carried on by a private person" *(Bellows v State of New York,* 37 AD2d 342, 344), despite the delay of almost two years between the time of its earliest determination in July, 1975 and the hearings which commenced in June, 1977. Accordingly, the order appealed from must be reversed and the claim dismissed. Order reversed, on the law, with costs, motion granted and claim dismissed. Sweeney, J.P., Main, Casey, Mikoll and Herlihy, JJ., concur.