■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v STATE OF NEW YORK, Appellant. — Appeal from an order of the Court of Claims (Modugno, J.), entered December 19, 1980, which granted claimant's motion for leave to file a late claim. Claimant, the Board of Education of the City of New York, participated in the State Urban Education Program, a program by which the State provided supplementary funds to urban school districts to aid them in instructing children with educational needs associated with poverty. In 1978, after conducting an audit of claimant's programs for the 1972-1973 fiscal year, the Comptroller determined that $3,898,879 received by claimant should have been disallowed. This amount was then withheld from claimant's 1978-1979 appropriation. On June 24, 1980, claimant moved pursuant to section 10 of the Court of Claims Act for permission to file a late claim. This motion was granted and the instant appeal by the State ensued. In this claim, claimant alleges that $3.44 million of the above sum was improperly disallowed and subsequently withheld. Although it concedes the power of the Comptroller to audit the program in question, claimant contends that in his audit the Comptroller made erroneous interpretations which were in "excess of his authority and invalid as a matter of law". Where, as here, the Comptroller exercises his power to audit, he acts in a quasi-judicial capacity (see NY Const, art V, § 1; *City of New York v State of New York,* 40 NY2d 659, 667; *People ex rel. Grannis v Roberts,* 163 NY 70). Accordingly, since the State has not waived its immunity for acts involving the exercise of discretion or judgment of a quasi-judicial nature (*Abruzzo v State of New York,* 84 AD2d 876, 877; *Gross v State of New York,* 33 AD2d 868), the Court of Claims lacks jurisdiction of the subject matter. The proper method for claimant to have challenged the Comptroller's determination was by commencing a CPLR article 78 proceeding against the Comptroller to review the audit (cf. *Quayle v State of New York,* 192 NY 47, 54). Order reversed, on the law, without costs, and claimant's motion for leave to file a late claim dismissed. Kane, J. P., Mikoll and Levine, JJ., concur.

Yesawich, Jr., and Weiss, JJ., dissent and vote to affirm in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). There is no question that the Comptroller's audit is an integral part of this suit. However, the proposed claim does not seek an audit review but money damages; a fixed sum of money which claimant maintains was appropriated to it by the Legislature and allocated to it, with the approval of the State Education Department, but wrongfully withheld. Its purpose is to enforce claimant's statutory right to payment. The Court of Claims has jurisdiction over such a proceeding (*Dominick Dan Alonzo, Inc. v State of New York,* 73 AD2d 760). In *City of New York v State of New York* (40 NY2d 659), a similar dispute arose

between the city and the State respecting the allocation of Federal highway funds. There the Comptroller refused to accept or reject payment vouchers submitted to the city. Although in refusing the vouchers the Comptroller was acting in a quasi-judicial capacity (*id.*, at p 667), nevertheless the court allowed the city to pursue its claim in the Court of Claims for the amounts which the Comptroller refused to pay, implicitly holding that the Court of Claims possessed jurisdiction over the matter. The present situation is analogous and calls for a similar result. Furthermore, a strict application of time limitations, on these particular circumstances, to two powerful public entities such as the city and the State, who have a continuing need to co-operate in a host of areas, does not serve well the interests of the public as a whole (*City of New York v State of New York, supra,* p 670). We would, therefore, affirm.