OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant ITT Diversified Credit Corp. (ITT) seeks damages for the failure of the defendant State of New York to issue an accurate certificate of information pursuant to request under subdivision (2) of section 9-407 of the Uniform Commercial Code.
On October 28, 1978 ITT entered into a security agreement with All-Glass Boat Sales, Inc., doing business as Marlin Marine Company (All-Glass) of Copaigue, Suffolk County, New York. In accordance therewith ITT promised to finance the acquisition of inventory by All-Glass. In return ITT was granted a security interest in the chattels so acquired.
To perfect this security interest ITT filed financing statements (UCC-1) in November, 1978 with the New York State Department of State and the Suffolk County Clerk’s office. (See Uniform Commercial Code, §§ 9-302, 9-401, subd [1], par [c].)
On November 21,1978 claimant forwarded a request for copies or information on form UCC-11 to the Department *717 of State pursuant to subdivision (2) of section 9-407 of the Uniform Commercial Code. It sought a certification listing, as of November 21, 1978 at 12:00 a.m., any then effective financing statements naming “All-Glass Boat Sales, Inc. d/b/a Marlin Marine” as debtor. The names and addresses of the creditors on such financing statements were also requested.
In response, a certificate dated December 1, 1978 was mailed by the Department of State to ITT. Attached was a list of financing statements with respect to secured debts of “The American Felt & Filter Company” (American Felt) of New Windsor, New York, and" Bloomingdale, New Jersey. Three creditors of American Felt were listed on the certificate.
No certification with respect to financing statements on file for All-Glass was forwarded to ITT. The certification that claimant did receive was, on its face, unresponsive.
On December 12, 1978, claimant sent a “Notification Letter Uniform Commercial Code” to each of the three named creditors of American Felt. These letters referenced “Marlin Marine 1310 Merrick Road Copiague NY” as debtor. Such notification is necessary to establish the priority of a purchase-money security interest in inventory where there are conflicting security interests in the same collateral. (Uniform Commercial Code, § 9-312, subd [3].)
During the month of December, 1978, claimant was notified by Manufacturers Hanover Commercial Corporation, one of the recipients of the letters of December 12, 1978, that it was not a creditor of Marlin Marine. Despite this, claimant did nothing to seek corrected information from the Department of State.
In July of 1979, All-Glass defaulted in its obligation to claimant. Subsequently, claimant took possession of the collateral. However, in August of that year B-W Credit Corporation (B-W) brought an action for replevin of the collateral, asserting priority as a secured creditor with respect to inventory purchased by All-Glass. B-W’s status as secured creditor was based on a financing statement filed on December 10, 1976 with respect to an agreement that contained an after-acquired property clause. In settlement of B-W’s action, ITT paid B-W $15,676.87.
*718 Claimant argues that the State was negligent in responding to its request for information and that this negligence resulted in claimant’s failure to notify prior creditors of its security interest in All-Glass’ inventory. It is alleged that the State’s erroneous reply proximately resulted in ITT’s loss of priority as a secured creditor. Damages of $15,676.87, the amount paid by claimant in settlement of B-W’s replevin action, are sought.
Where the State erroneously replies to a request for a list of existing financing statements involving a specified debtor, liability may be imposed. (Hudleasco, Inc. v State of New York, 90 Misc 2d 1057, affd 63 AD2d 1042.) Such liability is not absolute however. The State may interpose defenses which may absolve it from its error. (See Hudleasco, Inc. v State of New York, supra, p 1063.)
ITT’s claim is properly couched in negligence. We hold that the State was negligent when it replied to claimant’s request. Defendant had a duty of care in responding to claimant and its issuance of such patently erroneous information breached that duty. (See International Prods. Co. v Erie R. R. Co., 244 NY 331, cert den 275 US 527; Prosser, Torts [4th ed], § 107, p 704.)
However, claimant’s reliance on defendant’s certificate was totally misplaced and unreasonable under the circumstances. The certificate was clearly unresponsive to claimant’s request. A mere reading of the entire certificate would have revealed this fact. Moreover, claimant was informed by Manufacturers Hanover Commercial Corporation, one of the creditors listed on the certificate, that it had no security interest in chattel owned by All-Glass. This, at the very least, should have put ITT on notice that the information provided by the Department of State was in error.
Claimant’s culpable conduct in the form of its unreasonable reliance on defendant’s certificate, was the substantial factor in the accrual of its loss.
We hold that all of claimant’s damages are attributable to such conduct. (CPLR 1411; see Prosser, op. cit., § 108, p 716.) Therefore, recovery by claimant is precluded.
We note that the claim could be characterized as one for indemnification. (See Hudleasco, Inc. v State of New York, *719 63 AD2d 1042, supra; cf. Rock v Reed-Prentice Div. of Package Mach. Co., 39 NY2d 34, 39.) Assuming this to be the case, dismissal would still be mandated.
An action for indemnity seeks to shift liability to the tort-feasor primarily responsible for a wrong. The “wrong” for which B-W sought damages and which is the basis for the instant claim was caused entirely by ITT’s negligent failure to notice the patent error in the State’s certificate. An action for indemnity therefore will not lie. (See Mauro v McCrindle, 70 AD2d 77, 84, affd 52 NY2d 719; Prosser, op. cit., § 51, p 310.)
The claim is dismissed.