■ ANDREW J. WILLIAMS, JR., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. — Cross appeals from an order of the Court of Claims (Murray, J.), entered August 20, 1981, which granted the State's motion to dismiss claimant's first and third causes of action. Claimant filed a claim in the Court of Claims setting forth causes of action for false imprisonment, negligence and violation of the Civil Rights Act (US Code, tit 42, § 1983). His claim alleges that while operating his automobile he was stopped for speeding by an Albany County Deputy Sheriff who thereupon made a motor vehicle and license check with the New York State Department of Motor Vehicles. The deputy was advised that a person of the same name as claimant had his license suspended for failure to answer a summons in Carrollton, New York. The deputy then arrested claimant for driving while his license was suspended,

handcuffed him and transported him to the Sheriff's Voorheesville substation where he was booked and detained for several hours until released on bail. It was not until 11 days later, on March 31, 1980, that the charge was dismissed by a Voorheesville Town Justice. Upon the State's motion to dismiss the claim, the Court of Claims dismissed all of the causes of action set forth except the negligence cause of action. Both parties have appealed to this court. Claimant, although he appealed from the dismissal of both his section 1983 and his false arrest/imprisonment causes of action, is not pursuing his section 1983 cause of action on this appeal. The Court of Claims properly found that the State could not be held liable for the actions of the deputy sheriff who is a "local" not a "State" officer (see *Fisher v State of New York,* 10 NY2d 60; *Ritter v State of New York,* 283 App Div 833; *Fishbein v State of New York,* 282 App Div 600). However, claimant argues on this appeal that the State, through its Department of Motor Vehicles, acted in an affirmative way in indicating that claimant's license was suspended, so as to evince an intent to confine claimant, making it liable for false imprisonment on its own without reliance on the acts of the deputy sheriff. We disagree. Merely providing information to the deputy sheriff, even when subsequently found to be in error, resulting in the arrest of an innocent man, does not subject the informant to liability for false imprisonment (see *Vennard v Sunnyside Sav. & Loan Assn.,* 44 AD2d 727; *Grinnell v Weston,* 95 App Div 454). The State did not act in such a way as to essentially direct or order the deputy sheriff to arrest claimant. If it had, liability would result. It merely furnished the requested information for the use of the deputy without directing him to take any particular action. The court, however, erred in sustaining claimant's cause of action for negligence. In enacting the Court of Claims Act, the State made itself liable to suit on the same basis as individuals and corporations but did not create any new liability on the part of the State. Consequently, the State is not liable for any act which is completely sovereign in nature and completely foreign to any activity which could be carried on by a private person (*Abruzzo v State of New York,* 84 AD2d 876; *Bellows v State of New York,* 37 AD2d 342, 344). The State is authorized by statute through its Department of Motor Vehicles to collect, maintain and disseminate motor vehicle and operators' records (see Vehicle and Traffic Law, §§ 202, 212, 401, subd 2; § 508, subd 3; § 514). No private person or entity is given this authority. Such activity is characteristic of a sovereign. The State's actions in exercising this statutory power are sovereign in nature (see *Newiadony v State of New York,* 276 App Div 59, 61). Furthermore, the negligence cause of action, in reality, is one for negligent misrepresentation although it is not denominated as such by claimant (see 6B Warren, Negligence in the New York Courts [3d ed], Misrepresentation of Facts, § 3.01 *et seq.*). One of the necessary elements in establishing such a cause of action is that claimant has relied upon information given to him to his detriment (see *White v Guarente,* 43 NY2d 356, 362-363; *Glanzer v Shepard,* 233 NY 236, 242). In the matter at bar, claimant did not rely upon the State's misrepresentation, the deputy sheriff did. Thus, in any event, claimant's cause of action in negligence must be dismissed. Therefore, there should be a modification of the order of the Court of Claims by reversing so much thereof as denied the State's motion to dismiss claimant's second cause of action based on negligence, the claim should be dismissed in its entirety, and, except as so modified, affirmed. Order modified, on the law, by reversing so much thereof as denied dismissal of claimant's second cause of action based on negligence, and claim dismissed in its entirety, and, except as so modified, affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.