OPINION OF THE COURT
Donald J. Corbett, Jr., J.
This is a duly filed claim alleging the negligence of the State of New York in maintaining its motor vehicle registration file, and the damages which ensued when a specific automobile was therefore released by a local police department to an individual who allegedly was not its legal owner.
The essential facts developed at trial are little in dispute, although at some variance with certain facts recited by the Appellate Division in affirming the order herein granting permission to file a late claim (Eagle Ins. Co. v State of New York, 71 AD2d 726, 727). Specifically, on February 4, 1978, a 1978 Cadillac automobile, owned by one Otha Rolling and insured by claimant, was stolen. In accordance with the policy *358 of insurance, claimant paid Rolling and the lienor sums of money totaling $12,223, the amount of damages sought herein.
On or about May 19, 1978, the Commissioner of Motor Vehicles (Commissioner) issued in claimant’s name a proof of ownership for a junked vehicle (form MV-907).[1] Thereafter, on June 22, 1978, the vehicle was recovered and Rolling presented his registration (Vehicle and Traffic Law § 401 [3])[2] to the vehicle to the Village of Freeport Police Department (Freeport), which had impounded it. Freeport utilized the computer data prepared and stored by the New York State Department of Motor Vehicles, using the license plate number noted on the registration document as the basis of identification, and thereby learned that the vehicle was registered in Rolling’s name. The claimant contended at trial that the registration number of the vehicle was also utilized to access the information sought, but educed no testimonial support of this theory. I find that only the license plate number was so utilized, as the record herein is inadequate to support any other finding.
Armed with this information, Freeport released the Cadillac to Rolling, who was later arrested on or about August 21, 1978 for the theft of the car, refusing thereafter to reveal its location. The vehicle was finally located in 1980, then having a gross value of $400 with a net recovery by claimant of $164 after towing and other expenses.
The gravamen of this claim is the action of the State of New York in negligently maintaining the motor vehicle registration data within its computers for title information and advising Freeport that Rolling was still the registered owner of the Cadillac.[3]
*359 While considering the merits of this claim I must review the threshold question of whether in enacting the Court of Claims Act, the State made itself liable for the alleged negligence. In examining this question, I am aware that Appellate Division (71 AD2d 726, supra) found only that it appeared that a meritorious cause of action was pleaded, based upon the provisions of Vehicle and Traffic Law § 2107 (b) (4).[4] As I have full trial record to review, and have found that the inquiry as to ownership was initiated by Freeport solely on license plate number (referred to in the statute as number plates, e.g., see, Vehicle and Traffic Law § 402) and not the registration number of the vehicle (Vehicle and Traffic Law § 2107 [b] [4]), the appearance of meritoriousness has seemingly evaporated. It also cannot be said, as the Appellate Division implied, that claimant was left without a meaningful alternative remedy, as it did pursue an action, albeit unsuccessfully, against Free-port.[5] While I have nothing more than claimant’s characterization of the results of its action against Freeport, I find that any putative liability herein, save that of Rolling, would appear to be attributable to Freeport in its negligent inquiry of ownership information through the conduit of license plate numbers rather than through any of the provisions of Vehicle and Traffic Law § 2107 (b), categories under which the Commissioner is mandated to maintain such records. For purposes of clarification these records are the distinctive title number assigned to the vehicle (Vehicle and Traffic Law § 2107 [b] [1]; § 2108); the identifying number of the vehicle (Vehicle and Traffic Law § 2107 [b] [2]), commonly referred to as the serial number; the alphabetical listing of owners (Vehicle and Traffic Law § 2107 [b] [3]); the registration number of the vehicle (Vehicle and Traffic Law § 2107 [b] [4]; § 401 [3]), and Vehicle and Traffic Law § 2107 (b) (5) which permits the Commissioner to maintain a listing by any other method he determines, evidence of which was not introduced.
*360 Quite simply, the actions of Freeport in requesting title information by úse of a license plate number would not indicate the true owner of any vehicle, and merely parroted back to Freeport that the license plate number in question was assigned to the particular 1978 Cadillac in Otha Rolling’s name. The license plate number merely indicates the authority to operate a vehicle on the roads of New York State and does not in any way indicate ownership (see, Vehicle and Traffic Law § 2110). The Freeport Police Department requested and received registration information and not ownership information. They received what they requested, to wit, the name of the person to whom that license plate number was assigned.
The digression above is not necessary, however, as I find that the activities complained in any event are those for which the State has not waived sovereign immunity. The State is not liable for any act which is sovereign in character and completely foreign to any activity which could be carried on by a private person (Abruzzo v State of New York, 84 AD2d 876, 877; Bellows v State of New York, 37 AD2d 342, 344). The State is authorized by statute through its Department of Motor Vehicles to collect, maintain and disseminate motor vehicle and operator’s records; no private person or entity is given this authority and as such the exercise of this power is completely sovereign in nature (Williams v State of New York, 90 AD2d 861, 862).[6]
It appears that the cause of action herein in reality is for negligent misrepresentation (Williams v State of New York, supra). Such an action only applies in favor of one who has relied upon the misrepresentation to his detriment (Williams v State of New York, supra; Graney Dev. Corp. v Taksen, 92 Misc 2d 764, affd 66 AD2d 1008). In the instant claim it was Freeport which relied upon the purported misrepresentation, not the claimant, and thus this cause of action alleging negligence could not stand in any event.
Regardless of the question of sovereign immunity, I am aware that by this decision this innocent claimant was forced to sustain a loss through no fault of its own, but just as surely *361 the State cannot be forced to pay a judgment for negligence that was no fault of its own. The claim must be dismissed.

. But, query, may the Commissioner issue a certificate of title for the vehicle in question before he learns of its recovery? (Vehicle and Traffic Law § 2129 [e].)

. Rolling apparently was not required by claimant to relinquish his registration as a precondition for payment for the loss of the car. In any event, the certificate of registration was never intended by the Legislature as a certificate of title, either before enactment of the Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law art 46, eff July 1, 1972; Paglia v State of New York, 278 App Div 281, 284, affd 303 NY 821) or after (Exchange Natl. Bank v State of New York and Holtz Buick v State of New York, 88 Misc 2d 444, 451).

. I am cognizant of references in the pleadings, but not formally in the record, that in an earlier action by claimant against the Village of Freeport, judgment was rendered in favor of the Village of Freeport on grounds that the police department acted correctly based upon the information supplied to them by the Department of Motor Vehicles.

. I have reviewed the Appellate Division’s decision, the underlying decision of the Court of Claims, and all the original pleadings, particularly the defendant’s affirmation in opposition which primarily opposed the motion on the ground that it did not state a cause of action (CPLR 3211 [a] [7]). As subject matter jurisdiction may not be waived (CPLR 3211 [a] [2]; [e]), and since sovereign immunity was never previously considered by either court, I may examine this question. Also see footnote 6, infra.

. Similarly not before this court is proof of any action by claimant against Rolling, although the court was advised in the pleadings that restitution was unable to be obtained as part of the criminal proceedings against him.

. Inasmuch as sovereignty was not raised at the Third Department previously herein (71 AD2d 726), I believe that the court would rule differently today. The compelling analysis of Williams v State of New York (90 AD2d 861) leads me to this conclusion.