■ JORGE ARTEAGA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) MICHAEL TREACY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.)—Mahoney, J. Appeal, in claim No. 1, from an order of the Court of Claims, (Murray, J.), entered November 4, 1985, which granted the State's motion to dismiss the claim.

Appeal, in claim No. 2 from an order of the Court of Claims (Koreman, P. J.), entered April 17, 1986, which granted the State's motion to dismiss the claim.

These appeals raise the issue of whether the State has

waived its sovereign immunity with regard to claims arising out of the disciplining of inmates in the care and custody of the Department of Correctional Services. In each action, the claimant was an inmate at a State correctional facility when he was served with a misbehavior report which initiated formal disciplinary proceedings. Each claimant was confined in special housing unit pending resolution of the charges (7 NYCRR 251-1.6). In each case, the inmate was found guilty after a Superintendent's proceeding and was disciplined by, *inter alia,* confinement to special housing unit. Each inmate sought administrative review and eventually won dismissal of the charges. The inmates then commenced these actions in the Court of Claims seeking money damages for, *inter alia,* malicious prosecution, false imprisonment and violation of statutory and regulatory rights. The claims were dismissed and these appeals ensued.

Court of Claims Act § 8 provides: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article." Thus, the State has waived its immunity with respect to those actions which are normally associated with private individuals and corporations. The State has not waived its cloak of immunity for any actions which are "completely sovereign in nature and completely foreign to any activity which could be carried on by a private person" *(Williams v State of New York,* 90 AD2d 861, 862; *see, Abruzzo v State of New York,* 84 AD2d 876, 877; *Bellows v State of New York,* 37 AD2d 342, 344). If the acts complained of involve the exercise of discretion or judgment of a quasi-judicial nature, the waiver of sovereign immunity does not apply *(Abruzzo v State of New York, supra).*

The disciplining of inmates clearly is foreign to any activity which could be carried on by private persons or corporations. Further, the Legislature has vested a great deal of discretion in the Department of Correctional Services with regard to the disciplining of inmates *(see,* Correction Law § 112 [1]; § 137 [2]; *Matter of Baker v Wilmot,* 65 AD2d 884, 885, *lv denied* 46 NY2d 710). Thus, it is apparent that the disciplining of inmates is not an activity with regard to which the State has waived its sovereign immunity. Accordingly, the claims were properly dismissed.

Orders affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.