■ FORD MOTOR CREDIT COMPANY, Respondent, v STATE OF NEW YORK, Appellant.—Casey, J. P. Appeal from an order of

the Court of Claims (Koreman, P. J.), entered June 5, 1986, which granted claimant's motion to dismiss the State's first and second affirmative defenses.

At issue on this appeal is whether the Court of Claims erred in granting claimant's motion to dismiss two of the State's affirmative defenses, which are based upon the doctrine of sovereign immunity. Claimant alleges that a certificate of title for a motor vehicle owned by claimant was negligently issued to the lessee of the vehicle, instead of to claimant. It is further alleged that upon receipt of the certificate of title from the Department of Motor Vehicles, the lessee sold the vehicle to a bona fide purchaser and stopped making payments on the lease agreement. Claimant commenced the instant action seeking to recover either the balance due under the lease or the market value of the vehicle. The State contended that it was immune from liability to claimant, asserting two separate theories in support of this contention. First, the State argued that its motor vehicle record-keeping activity was a uniquely sovereign function outside the scope of the State's waiver of immunity and, second, that the State could not be liable for an official's negligent exercise of discretion. The Court of Claims granted claimant's motion to dismiss the affirmative defenses based upon these theories, and this appeal by the State ensued.

Our analysis of the sovereign immunity issue begins with the assumption that claimant has stated a valid cause of action to recover damages for negligence. Next, we reject the State's suggestion that in *Williams v State of New York* (90 AD2d 861) this court created a blanket of sovereign immunity for all of the State's motor vehicle record-keeping activity. Rather, as is evident from the cases cited in our decision, the maintenance and dissemination of information concerning registrations and licenses for the use and operation of motor vehicles on State highways was found to be subject to sovereign immunity based upon the principle that "the State clearly has not waived its immunity for those acts of its agencies and employees, which are performed as part of its governmental function, involving the exercise of discretion or judgment of a quasi-judicial nature" (*Abruzzo v State of New York,* 84 AD2d 876, 877). Thus, since the State seeks immunity from liability for the acts of its agency and employees, the issue is not merely whether those acts can be characterized as uniquely sovereign, but whether the acts constitute a governmental function involving the exercise of discretion (*see, Tango v Tulevech,* 61 NY2d 34).

When confronted with the task of distinguishing between discretionary and ministerial acts, the Court of Appeals has fashioned a straightforward rule: "[D]iscretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" *(supra,* at 41). As the State points out, the Commissioner of Motor Vehicles is vested with a certain degree of discretion in deciding whether to issue a certificate of title (Vehicle and Traffic Law § 2107 [a]). Claimant's action, however, is not based upon any claim of negligence in the exercise of this discretionary function. Rather, claimant alleges that after exercising his discretion and deciding to issue the certificate, the Commissioner and his employees were negligent in performing the ministerial tasks involved in preparing the paperwork and issuing the certificate of title. In this regard, the statutes and regulations permit no exercise of reasoned judgment which could typically produce different acceptable results. The Commissioner's own regulations require, in clear and unequivocal language, that the certificate of title be issued "to the owner of the vehicle" (15 NYCRR 20.7 [a]), while the Vehicle and Traffic Law requires that each certificate of title issued by the Commissioner contain the name and address of the owner (Vehicle and Traffic Law § 2108 [a] [2]) and that the certificate of title be delivered by mail to the owner (Vehicle and Traffic Law § 2109). Thus, after deciding to issue the certificate of title, the Commissioner was required to adhere to a governing rule or standard with a compulsory result. Accordingly, under the standard set forth in *Tango v Tulevech (supra),* the acts which are the subject of claimant's action must be viewed as ministerial and not subject to sovereign immunity *(see, Hudleasco, Inc. v State of New York,* 90 Misc 2d 1057, *affd* 63 AD2d 1042; *Exchange Natl. Bank v State of New York,* 88 Misc 2d 444). The Court of Claims order dismissing the State's affirmative defenses should therefore be affirmed.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.