■ PETER P. KENNY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 70807.)—In a claim to recover damages for wrongful incarceration, the claimant appeals from a judgment of the Court of Claims (Lengyel, J.), entered April 10, 1987, which, after a nonjury trial, is in favor of the defendant.

Ordered that the judgment is affirmed, with costs.

On February 19, 1984, the claimant was involved in a two-car automobile accident. In his MV-104 form report of this accident the claimant failed to identify the insurance company which provided liability coverage for his vehicle. Later, in June or July of 1984, the New York Department of Motor Vehicles (hereinafter the DMV) notified the claimant and his wife (who owned the subject vehicle) that their nonresident motor vehicle privileges would be revoked unless written proof of insurance coverage for the vehicle, i.e., an SR-21 form, was provided within 10 days. Neither the claimant nor his wife properly responded to this directive.

In November of 1984 the claimant was advised by the DMV that his nonresident motorist privileges would be revoked effective December 17, 1984. He and his wife were again requested to return an SR-21 form. Again, the claimant failed to respond properly, but instead wrote an indignant letter, dated December 10, 1984, threatening legal action. No written proof of insurance coverage was furnished with this letter.

The present action for damages was commenced after the claimant was arrested in the City of Yonkers in February of 1985 and charged with driving the subject vehicle while his privilege to do so had been revoked. The Court of Claims granted judgment in favor of the defendant, and we affirm.

After the accident in February of 1984, the claimant failed

to include in his MV-104 form the name of the insurance company which covered his vehicle. This constituted some evidence that he was operating a vehicle without insurance *(see,* Vehicle and Traffic Law § 318 [5], [9]). Given the evidence of the claimant's deliberate failure to respond, in writing, to the DMV's subsequent requests for written verification of insurance coverage, the revocation of his privilege to drive within this State was fully justified.

The claimant testified that he did inform the DMV of the proper insurance information during the course of certain telephone conversations. No reference to these conversations is made in the claimant's letter to the DMV dated December 10, 1984. The employee of the DMV who issued the revocation order could not recall any such conversation. Under these circumstances, we do not credit the testimony of the claimant concerning the supposed telephonic communications with unidentified employees of the DMV.

The claimant has therefore failed to meet his burden of proving negligence on the part of any employee of the State. We need not address the question of whether the State is protected in this case by the doctrine of sovereign immunity *(but see, Granger v State of New York,* 14 AD2d 645 [decision regarding revocation of driver's license is governmental function]; *see also, Williams v State of New York,* 90 AD2d 861). Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.