OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant John B. Bell seeks damages as a result of his being erroneously notified that he passed the New York State Bar examination when he in fact failed. The issue before us is whether this states a cause of action.
On March 16, 1988, claimant filed his original claim with the clerk of this court and the Attorney-General moved to dismiss on behalf of all of the named defendants. In addition to objecting to the inclusion of the Committee on Character and Fitness (the Committee), the New York State Board of Law Examiners (the Board) and the other individuals named in the caption, the claim, it was asserted, is beyond the jurisdiction of this court, fails to state a cause of action and violates Court of Claims Act § 11 in not specifying the amount of damages sought. In response claimant cross-moved for leave *779 to amend (cf., 22 NYCRR 206.7), and annexed a new proposed claim to his papers.* On the return date, the parties stipulated in open court that claimant would be permitted to amend his claim as indicated and that the motion to dismiss would be directed against the new pleading. Inasmuch as the motion to dismiss is directed at the entire amended claim, rather than at any particular cause of action, it cannot be granted if the pleading contains any valid cause. (Rosenblatt v Birnbaum, 16 NY2d 212.)
As amended, the claim and exhibits submitted therewith (CPLR 3211 [c]) allege that claimant took the New York State Bar examination every six months from July 1983 through July 1987 and, with the exception of the last date, was notified by the Board that he had failed; that by a letter dated January 27, 1988, the Committee advised claimant that he had passed the July 1985 examination; that when claimant questioned the Committee concerning this inconsistency, he was advised that if he had not passed, it would not have received his name from the Board and that he should therefore commence completion of the documentation for admission; that claimant sought the required affidavits from his former employers and made employment plans predicated upon the Committee’s advice that he had passed; and that the Board then once again notified claimant that he had failed.
The claim generally sets forth claimant’s predicament in having received conflicting pronouncements from the Committee and the Board concerning whether or not he had passed. The second cause of action sets forth the theory that assuming claimant failed, the Committee’s letter to the contrary was a negligent misrepresentation upon which he reasonably relied to his detriment. Absent immunity this alleges a valid cause of action. (International Prods. Co. v Erie R. R. Co., 244 NY 331; see, Eiseman v State of New York, 70 NY2d 175.) Having assumed a duty to notify him of the test results, the defendants were obligated to perform this task in a nonnegligent manner. (Johnson v State of New York, 37 NY2d 378.)
With respect to immunity, Miller v State of New York (62 NY2d 506) teaches that when the negligence of a governmental entity is at issue, it is the specific act or omission com *780 plained of which governs the existence of liability. Where the conduct is proprietary, the usual rules of negligence apply. (Supra, at 513; see, Schrempf v State of New York, 66 NY2d 289.) If the decision is governmental, the question becomes whether the act or omission was discretionary or ministerial. Subject to constitutional limitations (see, e.g., Arteaga v State of New York, 72 NY2d 212), the State and its municipalities are immune from liability for the injurious consequences of official action involving the exercise of discretion. (Tarter v State of New York, 68 NY2d 511; see also, Eiseman v State of New York, 70 NY2d 175, supra.) "Conversely, when the action is exclusively ministerial, the officer will be liable if it is otherwise tortious and not justifiable pursuant to statutory command”. (Tango v Tulevech, 61 NY2d 34, 40.)
While not always easy to differentiate (supra, at 40), discretionary decisions are typically quasi-judicial or legislative in nature. (See, e.g., Barrett v State of New York, 220 NY 423 [passage of legislation]; Miller v State of New York, 125 AD2d 853, lv denied 69 NY2d 608 [issuance of health permit]; Lloyd v Town of Wheatfield, 109 AD2d 1084 [denial of building permit]; see also, Weiss v Fote, 7 NY2d 579.) Ministerial activities generally involve no more than record keeping, filing of documents or information retrieval. (See, e.g., Waterman v State of New York, 19 AD2d 264, affd without opn sub nom. Williams v State of New York, 14 NY2d 793 [loss of minutes by court stenographer]; Glowinski v Braun, 105 AD2d 1153, appeal dismissed 65 NY2d 637 [failure of clerk to "retire a warrant”]; Hudleasco v State of New York, 90 Misc 2d 1057, affd 63 AD2d 1042 [issuance of inaccurate certificate under UCC 9-407]; Gittens v State of New York, 132 Misc 2d 399 [failure to release prisoner from keeplock when due]; ITT Diversified Credit Corp. v State of New York, 115 Misc 2d 716 [issuance of incorrect certificate under UCC 9-407]; Exchange Natl. Bank v State of New York, 88 Misc 2d 444 [issuance of inaccurate certificate of title]; O Brien v State of New York, Ct Cl, June 8, 1988, Quigley, J. [failure to cancel warrant]; Wilson v State of New York, Ct Cl, May 12, 1988, Lengyel, J. [incorrect notification by prison that daughter of claimant had died]; LAL Leasing Corp. v State of New York, Ct Cl, Dec. 9, 1987, E. Margolis, J. [execution of tax warrant against wrong entity]; National Westminister Bank USA v State of New York, Ct Cl, June 5, 1987, Rossetti, J. [failure to properly docket judgment]; Marx v State of New York, Ct Cl, May 7, 1985, Rossetti, J. [loss of file].)
*781 The State, disregarding the discretionary-ministerial distinction, argues that its waiver of immunity from suit for money damages does not extend to claims arising out of the exercise of purely governmental functions such as the admission of attorneys. In support, it relies on Barrett v State of New York (220 NY 423, supra), Williams v State of New York (90 AD2d 861), Abruzzo v State of New York (84 AD2d 876), Gross v State of New York (33 AD2d 868) and Castro v Board of Bar Examiners (Ct Cl, Oct. 16, 1986, Benza, J.).
Barrett, Abruzzo and Gross (supra), however, were all discretionary decisions and liability was denied on such basis. Barrett (220 NY 423, supra) involved the actual passage of a statute, Abruzzo (84 AD2d 876, supra) the issuance of "notices of determination” by the State Tax Commission, and Gross (33 AD2d 868, supra) the improvident acceptance for filing of a certificate of incorporation. The adoption of legislation and the judgment whether or not to prosecute for unpaid taxes obviously involved the exercise of discretion. While the issue was closer in Gross, the opinion is clearly based on the holding that the duties of the Secretary of State included the authority to review proffered certificates for legal sufficiency and to reject those it found wanting. An erroneous acceptance was therefore a quasi-judicial act immune from liability. None of these cases support the State’s position that sovereign immunity exists for purely ministerial acts.
Alternatively, Williams v State of New York (90 AD2d 861, supra) and its progeny (see, Eagle Ins. Co. v State of New York, 131 Misc 2d 357; Castro v Board of Bar Examiners, Ct Cl, Oct. 16, 1986, Benza, J., supra) would deny liability for even ministerial errors arising out of the exercise of purely governmental functions. Thus, in Williams (90 AD2d 861, supra), where the claimant was arrested as the result of erroneous information provided by the Department of Motor Vehicles, liability was denied on the theory that the Department’s record-keeping functions were uniquely sovereign in nature.
Williams (supra), however, was recently reconsidered by the Third Department in Ford Motor Credit Co. v State of New York (133 AD2d 980). Ford involved the negligent issuance of an incorrect certificate of title by the Department of Motor Vehicles. The State argued that Williams provided a blanket sovereign immunity for the State’s motor vehicle record-keeping activities. In response, the Third Department stated: "the issue is not merely whether those acts can be characterized as *782 uniquely sovereign, but whether the acts constitute a governmental function involving the exercise of discretion” (Ford Motor Credit Co. v State of New York, 133 AD2d 980, 981, supra). The preparation of "paperwork” (i.e., a certificate of title) was held to be a ministerial function upon which liability could be found. (Supra, at 982.) Thus, Ford essentially overruled Williams.
Here, the alleged negligence involved taking claimant’s name from the wrong list and sending out an incorrect form letter. On the record before us, these appear to be ministerial errors of a clerical nature upon which liability may be premised. The motion to dismiss is therefore denied.

 The amended claim cured several of the originally complained of defects by deleting the defendants other than the State and by specifying the damages sought. The State, however, is still erroneously referred to as "Respondent” in the caption. The party against whom an action is brought in the Court of Claims is properly designated as "Defendant”. (See, Kaplan v City Univ., NYLJ, Aug. 9, 1985, at 6, col 5.)