■ J. Arthur Torian et al., Appellants, v Lumbermen's Mutual Casualty Company et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered February 25, 1985 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from an

order of said court, entered July 25, 1985 in Albany County, which denied plaintiffs' motion for renewal and/or reargument of the prior motion.

Plaintiff J. Arthur Torian (hereinafter plaintiff), a doctor, was injured in a motor vehicle accident on March 10, 1976. Unable to practice medicine until April 5, 1976, he collected no-fault insurance benefits for his lost earnings. Additionally, he instituted suit against the owner and operator of the other vehicle involved; defendant Lumbermen's Mutual Casualty Company (Lumbermen's) was their insurer.

Earlier, Liane Castiglione, a patient of plaintiff's had also been injured in an automobile accident for which she claimed to have received treatment personally from plaintiff on eight occasions, between March 10 and April 4, 1976. Bills for those services, totaling $810, were submitted to Castiglione's no-fault insurer, Allstate Insurance Company (Allstate), for payment.

Because some of her treatment was provided during the time plaintiff purportedly was totally disabled from working, Allstate and Lumbermen's suspicious of deception, turned the matter over to defendant Insurance Crime Prevention Institute (ICPI), a nonprofit organization established by the property-casualty insurance industry to investigate allegations of insurance claim fraud. Evidence collected by ICPI led it to believe that one or both of the suspects had committed fraud and reported this to the Rensselaer County District Attorney's office. That office presented the matter to a Grand Jury. The Grand Jury, before whom plaintiff was not even asked to appear, terminated its investigation without indictment due to the lack of sufficient evidence, whereupon plaintiff commenced this action charging Lumbermen's and ICPI with malicious prosecution, negligence, violation of his civil rights and intentional infliction of emotional distress; his wife asserted derivative claims. Special Term granted defendants summary judgment dismissing the complaint.

On oral argument of this appeal, plaintiffs limited the scope of their appeal so as to challenge only the dismissal of the cause of action for intentional infliction of emotional distress. Accordingly, the issue presented is whether the conduct plaintiffs ascribe to defendants could reasonably be viewed as " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (Fischer v Maloney, 43 NY2d 553, 557, quoting Restatement [Second] of Torts § 46 comment d).

Accepting plaintiffs' allegations as true, the complaint charges defendants with incomplete and selective disclosure of information to the District Attorney's office, notably the failure to make available to the prosecutor a transcript of plaintiff's examination before trial in his accident suit, which contained an innocent explanation for the seemingly conflicting insurance claims. While such conduct would indeed be questionable, it does not equate with the depraved conduct necessary to maintain an action for intentional infliction of emotional distress (see, Prosser and Keeton, Torts § 12, at 56 [5th ed]). Furthermore, none of the extensive proof unearthed during the discovery process suggests that defendants acted with any malice.

Orders affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.