■ CLYDE COLLINS, JR., Appellant, v LINDA BROWN et al., Respondents.—Casey, J. Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered February 5, 1986 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

This appeal involves the sufficiency of plaintiff's complaint which alleges causes of action for false imprisonment, malicious prosecution, negligence and defamation. We consider only the first three, since plaintiff now concedes the insufficiency of his claim for defamation. The facts on which the complaint is based establish that on June 2, 1984, at about 1:00 A.M., defendant Linda Brown, a cashier at defendant Tops Supermarket in the City of Ithaca, was held up by a man who

displayed what appeared to her to be a gun. Following his demand and after a few minutes of conversation, Brown turned money over to the man who then departed the store. Having viewed him from only a few feet away in excellent lighting, Brown described the robber to the police as a black man, approximately 5 feet 6 inches tall of medium build with a tinge of gray in his hair, and wearing a rust-colored winter knitted hat and wire-framed glasses.

Subsequently, on June 11, 1984, an attempted robbery occurred at Woolworth's Department Store in Ithaca. On the day following this incident, Brown was shown six photographs of suspects and identified plaintiff as the person who had robbed her on the prior occasion. The photographs that she selected from the array differed from her original description in that the subject depicted therein had a mustache and no glasses. Later, however, Brown confirmed her identification of plaintiff in this photograph. Significantly, it was only after Brown made this identification that she learned that the police had a suspect in the Woolworth case. Plaintiff was arrested for and charged with both robberies and was confined in Tompkins County Jail in lieu of $10,000 bail. He was also charged with a violation of his parole. Plaintiff was indicted by a Grand Jury and charged with attempted robbery in the second degree in respect to the Woolworth crime and robbery in the second degree in respect to the Tops Supermarket crime. Plaintiff's motion to suppress Brown's identification was denied, the suppression court finding that Brown had substantial opportunity to observe the perpetrator of the crime independent of, and untainted by, any alleged improprieties in the photo array. When, after trial, plaintiff was acquitted of the charges and as a result had his alleged parole violation dismissed, he commenced the suit that is the subject of this appeal. Special Term granted defendants' motion to dismiss for legal insufficiency.

We agree with the determination of Special Term. In order to succeed on his cause of action for malicious prosecution, plaintiff must demonstrate defendants' lack of probable cause to commence the prosecution against him. When indicted by a Grand Jury for the underlying crimes, as plaintiff was here, a presumption of probable cause is created (see, Lee v City of Mount Vernon, 49 NY2d 1041) that plaintiff must overcome (see, Colon v City of New York, 60 NY2d 78). Plaintiff here has not done so. Brown played no part in plaintiff's arrest or imprisonment other than to provide information to the legal authorities identifying plaintiff as the perpetrator of the

crime. In remarkably similar circumstances, it has been held that no liability results from such participation *(see, Vennard v Sunnyside Sav. & Loan Assn.,* 44 AD2d 727) and such participation alone fails to establish the requisite element of malice. Brown's identification was made at a time that she knew nothing about plaintiff being a suspect in the Woolworth case, so no malice on her part could be inferred from that fact or from plaintiff's claim that he was involved in an accident on the day of the robbery at Tops and left the store without returning, a fact which bears no relation to Brown's description and identification of him. In order to succeed here, plaintiff must establish that his indictment was produced by fraud, perjury, the suppression of evidence or other conduct undertaken in bad faith *(see, Colon v City of New York, supra,* at 83; *Boose v City of Rochester,* 71 AD2d 59, 69). Without such showing of malice or facts from which it can be inferred, plaintiff's cause of action for malicious prosecution must fail *(see, Vennard v Sunnyside Sav. & Loan Assn., supra).*

In regard to plaintiff's cause of action for false imprisonment, plaintiff's arrest was privileged since made pursuant to a lawful warrant *(see, Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). This attendant privilege can be overcome only by a showing of malice which, as indicated above, has not been shown. Therefore, this cause of action likewise fails.

Plaintiff's negligence claim is in reality a claim for negligent misrepresentation *(see, Williams v State of New York,* 90 AD2d 861, 862). Because it was the police and not plaintiff who relied upon Brown's identification, this cause of action was also properly dismissed by Special Term. We add that, in our view, the allegations of the complaint, taken as a whole do not rise to the level of outrageousness required to sustain a claim for intentional infliction of emotional distress *(see, Torian v Lumbermen's Mut. Cas. Co.,* 120 AD2d 820).

Having failed to demonstrate a viable cause of action, the complaint is legally insufficient and the order and judgment appealed from should be affirmed.

Order and judgment affirmed, with costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.