OPINION OF THE COURT
John L. Bell, J.
On September 27,1990, claimant and his spouse were returning to the United States from a trip to Montreal, Canada. They were stopped by a Federal customs inspector at the Champlain Port of Entry, located on Interstate 87 in the Town of Champlain, Clinton County. Claimant was instructed to a secondary inspection area, where he exited his vehicle and was asked a series of questions. According to the claim, a computer check was conducted by customs inspectors of claimant’s New York *335 State driver’s license and the State Department of Motor Vehicles (hereinafter DMV) reported his license as being suspended. Claimant states that he attempted to explain that an error must have occurred but that he was ignored.[1]
It is not necessary for purposes of this motion to set forth in detail the myriad acts purportedly perpetrated upon claimant in the ensuing hours. Briefly stated, claimant contends that the Federal officers subjected him to, inter alia, verbal abuse, threats, a barrage of racially disparaging remarks and epithets directed at his African-American ancestry, and an intrusive strip search done in the presence of several customs officers, including a female officer. Since the information available to customs officers indicated that claimant had been operating a vehicle with a suspended license, they summoned a State Trooper to the scene. Claimant was taken into custody by the Trooper, who handcuffed claimant and transported him to appear before a Town Justice. He was released on $200 bail and, together with his wife, boarded a bus for Albany.
The following morning, September 28, 1990, claimant purportedly went to an office of the DMV in Albany and was able to obtain documentation confirming that his driver’s license was clear of all suspensions or revocations. Claimant then returned to Champlain to secure a return of his bail money and his motor vehicle. He states that he proceeded to the customs station and attempted to elicit the names of all individuals involved in the incident. Claimant contends that customs officers refused to provide the information and that he was subjected to further verbal harassment and threats by customs officers and a State Trooper.
Claimant subsequently commenced an action in Supreme Court, Albany County, in which he named eight customs officers and two Troopers as defendants.[2] Pursuant to 28 USC § 1442 (a) (1), the case was removed by the Federal defendants to the United States District Court for the Northern District of New York. In the Federal lawsuit, claimant alleged the following causes of action against the State defendants: (1) violation of his constitutional rights; (2) conspiracy to deprive him of his constitutional rights; (3) intentional infliction of emotional distress or, alternatively, prima facie tort; (4) unlawful detention and false imprisonment; and (5) assault and battery.
*336 Claimant also commenced the instant lawsuit in the Court of Claims, naming as defendants the State of New York, DMV and the State Police.[3] He asserted the same basic theories as set forth in the Federal court action but added a cause of action premised upon purported negligence by both DMV for incorrectly reporting his license as suspended, and the State Police, for improperly training, instructing, and supervising its personnel resulting in conduct that allegedly deprived claimant of constitutional rights.
A number of motions seeking summary judgment were filed in the Federal court action. Hon. Neal P. McCurn issued a decision finding, inter alia, that summary judgment for the State was appropriate as to all causes of action asserted against its Troopers (Johnson v Harron, 1995 WL 319943 [ND NY No. 91-CV-1460, May 23, 1995]). Defendant now moves to dismiss the instant claim, asserting res judicata and, alternatively, that the allegations of negligence fail to state a cause of action. Claimant has cross-moved for summary judgment against defendant upon the ground that it was negligent as a matter of law for DMV to provide incorrect information about his driver’s license to Federal customs officers.
The doctrine of res judicata, or claim preclusion, is designed to provide finality to a matter once it has been decided (Matter of Reilly v Reid, 45 NY2d 24, 28). Fundamental notions of fairness to the parties, as well as judicial economy, mandate that at some point litigation must come to an end (supra; Good Health Dairy Prods. Corp. v Emery, 275 NY 14). The doctrine incorporates a transactional analysis to bar new litigation not only of matters actually in litigation but also any causes of action that could have been raised and received a fair consideration in the prior action (O’Brien v City of Syracuse, 54 NY2d 353; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307; Lanuto v Constantine, 215 AD2d 946).
Claimant does not seriously contest the applicability of res judicata as to the causes of action addressed directly by the Federal court that were also alleged in the claim filed in the Court of Claims. He does contend, however, that his negligence cause of action is not barred by the doctrine. Defendant argues *337 that transactional analysis precludes claimant from pursuing a negligence claim in this court.
When claimant commenced his action in Supreme Court, Albany County, such court lacked subject matter jurisdiction over the negligence cause of action premised upon acts of employees or agents of the State (see, Court of Claims Act § 8). Claimant thus commenced the companion claim currently before the court. Subsequently, however, claimant’s Supreme Court action was removed to Federal court and defendant contends that all claims implicating liability of the State could have been joined for consideration by the Federal court under the doctrine of pendent jurisdiction.
The judicially created concept of pendent jurisdiction (see, e.g., Mine Workers v Gibbs, 383 US 715) has been recently codified (28 USC § 1367) and the current nomenclature for the doctrine is supplemental jurisdiction. Simply stated, supplemental jurisdiction allows a Federal court in a case pending before it to assume jurisdiction over and dispose of matters, such as a State law claim, which could not be brought before it if standing alone (28 USC § 1367; Mine Workers v Gibbs, supra). The issue before this court is whether claimant’s negligence cause of action fell within the Federal court’s supplemental jurisdiction and, if so, whether it was incumbent upon claimant to assert the cause of action in Federal court in order to avoid res judicata consequences in the Court of Claims.
Since the action that was removed to Federal court did not name employees of DMV or the State as defendants, claimant would have had to amend his complaint to add new parties, as well as the additional cause of action premised upon negligence. The liberal amendment policy of Federal Rules of Civil Procedure, rule 15 (a) applies to removed actions (see, e.g., Tabacalera Cubana v Faber, Coe & Gregg, 379 F Supp 772, 776; R.F.D. Group v Rubber Fabricators, 323 F Supp 521). Moreover, while case law precluded the use of supplemental jurisdiction as a basis to add parties to an action (see, Finley v United States, 490 US 545), such case law was expressly overruled by Congress in subdivision (a) of 28 USC § 1367. It is thus apparently permissible to amend a complaint removed to Federal court to add both a new cause of action and a new party, even when the jurisdiction over the new party is based on supplemental jurisdiction.
Two pivotal problems nevertheless preclude adopting the argument urged by defendant that claimant was obligated to pursue his negligence claim in Federal court. The first is that *338 supplemental jurisdiction is discretionary (see, Hagans v Lavine, 415 US 528, 545; Trivits v Wilmington Inst., 417 F Supp 160, 169). It is not feasible for this court to speculate that a Federal court would have exercised its discretion to allow the negligence cause of action under its supplemental jurisdiction and then use such speculation as a basis to foreclose a claim under the doctrine of res judicata. The more fundamental problem, which was not addressed by either party, is whether the negligence cause of action was precluded from consideration in Federal court by the Eleventh Amendment of the United States Constitution.
The Eleventh Amendment, which became effective in 1798, was passed in response to strong public reaction to the Supreme Court’s decision in Chisholm v Georgia (2 US 419) allowing a citizen of one State to sue another State in Federal court even though the State had not consented to be sued. The Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.” It has been construed by the Supreme Court to also bar a suit in Federal court against a State by its own citizens (see, e.g., Florida Dept. of State v Treasure Salvors, 458 US 670; Edelman v Jordan, 415 US 651). Moreover, the Eleventh Amendment cannot be circumvented by invoking supplementary jurisdiction (see, Pennhurst State School & Hosp. v Halderman, 465 US 89, 120-121). While a State can certainly waive its immunity, it nevertheless maintains, as part of its Eleventh Amendment protection, the power to choose the court or jurisdiction in which it allows itself to be sued (Barrett v United States, 853 F2d 124, 129, cert denied sub nom. New York v United States, 488 US 1041; see, Pennhurst State School & Hosp. v Halderman, supra). The extent to which the Eleventh Amendment can be skirted by proceeding directly against a State agency or an employee of the State, or by pursuing a theory premised upon alleged unconstitutional conduct, are complex issues that have frequently produced splintered decisions from the United States Supreme Court (see generally, Wright-Miller-Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3524).
It is not necessary for purposes of this motion to engage in a protracted discussion of the assorted subtleties implicated by the Eleventh Amendment. The court finds that either as a matter of law or a matter of discretion the negligence cause of *339 action asserted by claimant against defendant would not have been allowed in the Federal court action (see, Murph v State of New York, 98 Misc 2d 324, 327). Since claimant neither received a fair opportunity to present his negligence cause of action in Federal court nor was he necessarily entitled to present such cause of action under the attendant procedural complexities, the court concludes that the doctrine of res judicata does not mandate the immediate extinguishment of the negligence claim in this court.
It is necessary, however, to take the analysis one step further and closely examine the cause of action labeled by claimant as one premised upon negligence. Although pleaded as a single cause of action, claimant attributes culpable conduct to both the State Police and DMV. The allegations as to the State Police, while couched in terms of inadequate supervision, education and instruction, consistently culminate in asserted damages defined as violative of the claimant’s constitutional rights. These allegations appear to be an attempt to re-interject a constitutional claim dressed in negligence garb, giving rise to serious concerns as to the viability of the cause of action. While a truly separate negligence cause of action would, for the reasons previously discussed, avoid res judicata, this court will not permit claimant to bootstrap such allegations back into litigation under the guise of a negligence cause of action when the essence of the allegations have been considered and rejected by the Federal court. Moreover, the court would be hard pressed to find adequate factual allegations in the claim to support an ordinary negligence cause of action as to the State Police,[4] and the allegations are palpably inadequate to support the high level of negligence necessary to support a cause of action alleging constitutional deprivation (see, e.g., Estelle v Gamble, 429 US 97; Kolko v City of Rochester, 93 AD2d 977). Finally, since the "negligence” cause of action is in essence a constitutional claim as to the State Police, this court does not have subject matter jurisdiction (see, e.g., Davis v State of New York, 124 AD2d 420, 423; Grier v State of New York, Ct Cl, Dec. 8, 1994, Hanifin, J., claim No. 89293, motion No. M-50085). The court thus dismisses the part of the cause of action labeled negligence that relates to the State Police.
*340 The portion of the claim that remains, and which must be next addressed, alleges negligence by DMV. Defendant relies upon the decision of the Third Department in Williams v State of New York (90 AD2d 861) to support its contention that that claim against DMV must fail. Claimant counters by arguing that Williams was essentially overruled by the Third Department in Ford Motor Credit Co. v State of New York (133 AD2d 980). Two Judges of the Court of Claims have held that, to the extent Williams afforded DMV protection for record-keeping activities under the blanket of sovereign immunity, Ford overruled Williams (Boland v State of New York, 161 Misc 2d 1019; Bell v State of New York, 140 Misc 2d 778, affd 154 AD2d 958, lv denied 75 NY2d 856).
A review of Williams (supra), which is factually analogous to the claim at bar, reveals that the Court premised its dismissal of the negligence claim against DMV upon two grounds. The first was sovereign immunity, the viability of which has been cast in serious doubt by subsequent decisions. However, the Court added an additional basis for dismissal, as follows: "Furthermore, the negligence cause of action, in reality, is one for negligent misrepresentation although it is not denominated as such by claimant * * * One of the necessary elements in establishing such a cause of action is that claimant has relied upon information given to him to his detriment * * * In the matter at bar, claimant did not rely upon the State’s misrepresentation, the deputy sheriff did. Thus, in any event, claimant’s cause of action in negligence must be dismissed.” (Williams v State of New York, supra, at 862 [citations omitted].) The rationale of the negligent misrepresentation aspect of the Williams holding was reaffirmed by the Third Department in Collins v Brown (129 AD2d 902, 904). Since no authority has been provided indicating that the negligent misrepresentation facet of Williams has been overruled, this court is bound to follow precedent from the Appellate Division. The court thus concludes that claimant’s negligence cause of action against DMV must also be dismissed. Defendant’s motion for summary judgment is therefore granted and claimant’s cross motion for partial summary judgment is denied.

. Parenthetically, documents submitted by defendant in the instant motion reveal not only claimant’s poor driving record but also the fact that he had ostensibly used two separate birth dates in DMV documents.

. The United States was later added as a defendant.

. The names of DMV and the State Police were previously removed from the caption, sua sponte, by the court upon the ground that it lacks subject matter jurisdiction over such entities (motion No. M-49114, filed Oct. 17, 1994, n 1). However, the remaining defendant, the State of New York, is liable for the actions of its agents, including DMV and the State Police.

. The court is not suggesting that claimant, if his allegations are true, was not subjected to actionable wrong. Indeed, the Federal court has already-granted partial summary judgment to claimant based on some of the actions of the customs officers. The allegations as to the State Police, however, while containing such conclusory terms as "grossly negligent,” are not factually supported.