## Reola HANCOCK *v.* FIRST STUTTGART BANK AND TRUST CO.

CA 94-1090 920 S.W.2d 36

Court of Appeals of Arkansas
En Banc
Opinion delivered April 24, 1996

*Eugene Hunt* and *Sandra Y. Harris,* for appellant.

*Shults, Ray & Kurrus,* by: *Steve Shults,* for appellee.

JUDITH ROGERS, Judge. The appellant, Reola Hancock, has appealed from a summary judgment in favor of appellee, First Stuttgart Bank and Trust Co., in which it was held that appellant's complaint for the tort of outrage was barred under the doctrine of *res judicata.* For reversal, appellant contends that the application of that doctrine was improper under the circumstances of this case. Because the specific argument raised by appellant is without merit, we affirm.

In February of 1994, appellant filed suit against appellee in federal court pursuant to 15 U.S.C.A. § 1691, the Equal Credit Opportunity Act (ECOA). She alleged that appellee had violated her right to be accorded equal credit opportunity in that appellee had rejected her request for a home mortgage loan because she was employed by the owner of Orbit Fluid Power Company. Appellant also complained that appellee's conduct was outrageous, malicious, and willful, and had caused her humiliation, degradation and emotional distress. She requested compensatory and punitive damages.

Appellee responded to this complaint by filing a motion to dismiss the federal cause of action pursuant to Fed. R. Civ. P. 12(b)(6), contending that the ECOA does not bar discrimination on the basis of an applicant's place of employment. By order of March 31, 1994, the district court dismissed appellant's complaint under the ECOA. The court agreed with appellee's assertion that an applicant's place of employment was not a protected category within the meaning of the Act.

On May 23, 1994, appellant initiated the present action, alleging essentially identical facts to those alleged in the federal court complaint. Appellant again alleged outrageous conduct on the part of appellee and demanded compensatory and punitive damages.

Appellee raised the affirmative defense of *res judicata* in its

answer and in a motion for summary judgment. In support of its motion for summary judgment, appellee submitted copies of appellant's complaint in federal court, the federal district judge's order setting out his findings, and the judgment dismissing appellant's complaint. In opposition to the motion for summary judgment, appellant argued that the federal court dismissal was not *res judicata* to this action because her state law tort claim had not proceeded to trial. Appellant argued that the only issue decided by the federal court was whether she was entitled to relief under the ECOA and that she had not had a full and fair opportunity to litigate her claim of outrageous conduct. The trial court entered summary judgment for appellee on June 21, 1994. This appeal followed.

On appeal, appellant directs our attention to the decision in *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988), where the supreme court stated:

> The claim preclusion part of the doctrine of *res judicata* bars relitigation of a subsequent suit when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies.

*Id.* at 434, 748 S.W.2d at 661. In her brief, appellant concedes that the first suit resulted in a judgment on the merits; that the first suit was based upon proper jurisdiction; and, that both suits involved the same parties. Appellant's argument on appeal is directed only toward the third and fourth prongs of the test. Appellant maintains that the federal order of dismissal did not address her tort claim and that, as a consequence, that claim was not litigated in federal court. She then argues that the tort claim was not "fully contested in good faith" in federal court because appellee did not file an answer responding to the tort claim. She argues that appellee's failure to answer resulted in that issue not being joined, thereby depriving her of the opportunity to litigate that claim in the federal court.

The argument raised by appellant is a narrow one. It is premised on the assertion that appellee's failure to file an answer prevented litigation of the tort claim in federal court. We cannot agree that appellant was left without the opportunity to litigate the

tort claim in federal court for the reason advanced by appellant. In the first place, appellant has cited no authority and has provided no meaningful argument for the proposition that a party's failure to answer works as an impediment to obtaining relief on a claim. We will not address arguments unsupported by convincing argument or authority. *Hicks* v. *Madden*, 322 Ark. 223, 908 S.W.2d 90 (1995). Secondly, and more significantly, a federal court has the authority to entertain supplemental jurisdiction over pendent state claims even though it dismisses the claims over which it has original jurisdiction. 28 U.S.C.A. § 1367. It is recognized that pendent jurisdiction may continue even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot. *Baker* v. *Farmers Elec. Co-Op., Inc.*, 34 F.3d 274 (5th Cir. 1994). While pendent jurisdiction is a matter of discretion, *Wright* v. *Associated Ins. Companies, Inc.*, 29 F.3d 1244 (7th Cir. 1994), district courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *Noble* v. *White*, 996 F.2d 797 (5th Cir. 1993). It thus cannot be said that appellant could not have proceeded with her claim in federal court.

■ The federal court's order of dismissal was silent with regard to the state court claim. The dissent seizes upon this fact and maintains that the "could have been litigated" requirement was not met in this case because the federal court failed to take any action on the state tort claim. The dissent reasons that, when the basis of the first court's exercise of jurisdiction is discretionary, then the "could have been litigated" requirement is met only if the first court does take some action on the claim. That, however, is not an argument that was raised below, nor is it one that is advanced in this appeal. As so amply demonstrated by the dissenting opinion's quotation of appellant's argument, it is her sole contention that it was the appellee's failure to answer the claim that precluded litigation of the claim, not the inaction of the federal court. As we have said, and as indicated by the dissenting opinion itself, appellant states her argument for reversal in very narrow terms. Under long-standing procedure, this court is to consider only the arguments raised by the parties, and we are not to consider reversing a trial court for unargued reasons. *Schmidt* v. *McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991). We choose the better practice to confine our review to the issues raised and to not delve into matters which could have been argued, but were not. Contrary then to the dis-

sent's suggestion, our unwillingness to broaden the scope of the argument presented is not a matter of refusing to conduct further, in-depth research, but rather it is a question of reviewing the case in the manner in which it has been argued.

Moreover, the dissent has failed to demonstrate how a court's failure to act on a claim, particularly when it does not appear that the court was ever asked to address it, necessarily leads to a conclusion that the claim could not have been litigated in that forum. The cases cited by the dissent as being supportive of its view are factually distinguishable from the case at bar and, therefore, provide no compelling authority for deciding such an issue, even if the argument were before us. In *Johnson v. State*, 631 N.Y.S.2d 795 (Ct. Cl. 1995), the issue before the court was whether the claimant's cause of action in negligence was precluded by a summary judgment obtained by the defendants in federal court, *when the negligence claim was not stated as a basis for relief in the federal case.* In *Andujar v. National Property and Casualty Underwriters*, 659 So. 2d 1214 (Fla. App. 1995), the issue to be decided was whether the plaintiff's statutory claim of discrimination under state law was barred by principles of *res judicata* when the defendant had prevailed in federal court in an action brought under Title VII of the Civil Rights Act of 1964. As in *Johnson v. State, supra,* the state law claim in *Andujar* was never joined in the federal lawsuit. Of course, here, the state tort claim was brought in the federal court suit. Neither *Johnson* nor *Andujar* then stand for the proposition that the "could have been litigated" prong is not satisfied when the first court fails to act. Neither court was presented with that issue, and for that matter neither are we, because it is not an argument that has been raised.

■ Also, implicit in the dissent's citation to *Seaboard Finance Co. v. Wright*, 223 Ark. 351, 266 S.W.2d 70 (1994), is the alternative idea that the federal court dismissed all claims without prejudice. We quickly point out that whether a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is with or without prejudice is a question governed by federal law, not Arkansas law. And again, the dissent touches upon an argument that is not made by the parties to this appeal. In simple truth, the effect of the federal court's dismissal on the state court claim is not an issue that is before us, and we are unwilling to assume, particularly without benefit of argument from either party, that the federal court, by its silence, dismissed appellant's state court claim without prejudice.

Affirmed.

JENNINGS, C.J., BULLION, Sp. J., PITTMAN, and ROBBINS, JJ., agree.

MAYFIELD, J., dissents.

COOPER, J., not participating.

MELVIN MAYFIELD, Judge, dissenting. This case requires close attention to the factual situation and careful application of the law in order to reach the correct result.

We can start with the fact that prior to the filing of this case in an Arkansas state court, the appellant filed a suit in federal court alleging violations of a federal law — the Equal Credit Opportunity Act (ECOA). However, the complaint also made allegations that were sufficient to state a cause of action for the "tort of outrage" under Arkansas law. *See Deitsch* v. *Tillary*, 309 Ark. 401, 405-06, 833 S.W.2d 760, 761-62 (1992).

Pursuant to the defendant's motion to dismiss filed in federal court, that court dismissed the plaintiff's complaint by an order which characterized the cause of action as follows:

> This is an individual action alleging discrimination and denial of equal credit opportunity, based upon place of employment, in violation of the Equal Credit Opportunity Act.

The federal court order also stated that the court would accept the plaintiff's allegation that the defendant bank denied the plaintiff's credit request because of her place of employment, but the order held that this did not violate the ECOA because a person's employment status is not a protected category. The order then stated that the complaint was dismissed. Also, it is important to note that the order made no mention at all about the plaintiff's tort-of-outrage allegations.

After the dismissal of the complaint in federal court, the plaintiff filed the present suit in an Arkansas circuit court and alleged a cause of action for the tort of outrage based upon substantially the same allegations made as to that cause of action in federal court. Pursuant to the defendant's motion for summary judgment, based upon the doctrine of res judicata, the circuit court dismissed the plaintiff's complaint, and she brings this appeal.

Her argument in this court is based, as the majority opinion states, upon the case of *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988), and she argues that two prongs of the five-prong test set out in that opinion (and quoted by the majority opinion in this case) have not been satisfied. Those prongs are:

(3) the first suit was fully contested in good faith;

(4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not;

To make sure we understand that the appellant has clearly raised these points, I will quote from her brief *portions* of her argument on both points.

Appellant asserts, however, that the third prong of the test, whether the claim was fully contested in good faith, was not met because appellee's failure to file an answer left the appellant without notice of its position or defenses on the allegations included in the complaint.

Furthermore, it is undisputed that Appellee's Motion to Dismiss, filed in federal court, exclusively addressed the narrow issue of whether the ECOA applied to the facts of appellant's case. Consequently, the court's opinion and grounds for dismissal were exclusively limited to that narrow issue; consistent with appellee's Motion to Dismiss. The court rendered no opinion and indeed, did not mention any other allegations of the complaint.

. . . .

Succinctly, appellant's allegation of appellee's outrageous conduct, was not contested at all, leaving appellant without *any* opportunity to litigate this issue.

. . . .

The fourth prong of the test in *Swofford* states that the doctrine of res judicata applies when:

"both suits involve the same claim or cause of action which were litigated or could have been litigated but were not."

[295] Ark. at 434, 748 S.W.2d at 661.

> It is appellant's position, that neither was the claim litigated nor could it have been litigated when appellee failed to file the necessary responsive pleading.
>
> Appellant's failure to file an answer to the complaint resulted in none of the issues being joined. Indeed, no response, pleading or notice was given by appellee concerning any of the allegations, . . . .

The appellant also cites *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 480-81 (1981), and says it held "essentially, that the judicially created doctrine[s] of collateral estoppel and res judicata do not apply when a party against whom an earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue." And appellant cites *Seaboard Finance Co.* v. *Wright*, 223 Ark. 351, 356, 266 S.W.2d 70, 73 (1994), for its holding that "[a] dismissal of a cause of action *with prejudice* is a final adjudication on the merits within the rule of res judicata," and points out that the federal court order in the present case is "silent regarding whether its dismissal was with or without prejudice." (Emphasis in the opinion quoted.)

The majority opinion responds to the appellant's argument with the assertion that "We cannot agree that appellant was left without the opportunity to litigate the tort claim in federal court" and then, in specious justification of its assertion, says "a federal court has the authority to entertain supplemental jurisdiction over pendent state claims even though it dismisses the claims over which it has original jurisdiction." The majority opinion cites 28 U.S.C.A. § 1367 as authority for this quoted statement, and the opinion also cites two cases to support the rationale upon which the majority opinion is based — which is — that even after a federal claim is dismissed, the federal court has the discretion to retain jurisdiction over a state claim alleged in the case. Therefore, the majority opinion reasons, "It thus cannot be said that appellant could not have proceeded with her claim in federal court."

I respectfully submit, however, that this rationale overlooks two points. One, the federal court *may choose not* to retain jurisdiction over the state claim after the federal claim is dismissed, and two, the fact that the court *could* retain jurisdiction and try the state claim does not mean that the third and fourth prongs set out in the *Swofford* case have been satisfied. In simple fact the state claim was

neither "fully contested" nor "litigated" in federal court and it is neither fair nor just to bar the plaintiff's right to try the merits of her state tort claim by holding that she *could* have tried it in her suit in federal court.

If I were alone in my belief, I would be less sure of my position, but I am not alone in my view. In *Johnson* v. *State*, 631 N.Y.S.2d 795 (Ct. Cl. 1995), the claimant had filed a suit in state court seeking damages for "myriad acts purportedly perpetrated" upon him by state and federal law-enforcement personnel, and the case was removed to federal court. The appellant also filed suit in the state court of claims. Summary judgment was granted by the federal court in favor of the state law-enforcement personnel and this was relied upon in the state court of claims as a basis for dismissal of the suit there under the doctrine of res judicata. The appellant argued that the doctrine did not apply to the negligence cause of action alleged in the state court.

The state court agreed with the claimant, and the opinion explained that the "judicially-created" concept of pendent jurisdiction approved in *United Mine Workers of America* v. *Gibbs*, 383 U.S. 715 (1966), had been codified by 28 U.S.C. § 1367 under the term "supplemental jurisdiction" which allows a federal court in a case before it to assume jurisdiction and dispose of a state claim which could not be before the court if standing alone. But the court said that jurisdiction was discretionary and that:

> It is not feasible for this court to speculate that a federal court would have exercised its discretion to allow the negligence cause of action under its supplemental jurisdiction and then use such speculation as a basis to foreclose a claim under the doctrine of res judicata.

631 N.Y.S.2d at 798.

Also, in *Andujar* v. *National Property and Casualty Underwriters*, 659 So. 2d 1214 (Fla. App. 1995), the court stated the issue involved as follows:

> In the case before us today, a defendant who has previously prevailed in a federal employment discrimination action under Title VII of the Civil Rights Act of 1964 successfully argued to the circuit judge that its victory on the federal claim was res judicata as to the plaintiff's employment

discrimination claim under the Florida Human Rights Act of 1977 arising from the same facts. We disagree and reverse the judgment dismissing the state law claim.

In discussing the issue, the court said in regard to the "pendent jurisdiction" approved by the United States Supreme Court in the *United Mine Workers of America* v. *Gibbs* case, *supra*, and codified in 28 U.S.C. § 1367, that this jurisdiction "is a doctrine of discretion, not of plaintiff's right" and that the federal court would have been competent to decide the pendent state claims only if the court, "in its discretion, agreed to assume jurisdiction over them." 659 So. 2d at 1217-18.

Thus there is authority for my view that in the present case the fourth prong of the *Swofford* test was not satisfied because that prong provides that if the claim was not actually litigated in the first suit (and it was not in this case) then res judicata applies only if it *could have been litigated* in the first suit. My view and the view of the New York and Florida cases cited above hold that where the first court only exercises jurisdiction in its discretion the *could-have-been-litigated* requirement is satisfied only when the court exercises its jurisdiction by acting upon the claim — not by failing to act (which is what happened here). And the attempt of the majority opinion to obfuscate this fact by distinguishing the facts in the New York and Florida cases does not change the force of those cases on the point under discussion in this case.

I, therefore, dissent from the decision of the majority opinion, and in regard to that opinion's reluctance to discuss the federal court's jurisdiction on the basis that it was not an issue argued by the parties, I would note that the argument made by the appellant, as set out and described by this dissent, very plainly points out that under the Arkansas Supreme Court decision of *Seaboard Finance Co.* v. *Wright, supra*, a dismissal of a cause of action *with prejudice* is a final adjudication; that the federal court's dismissal of the case here involved *was not* dismissed with prejudice; therefore, by the *Seaboard* criterion the federal court's dismissal was *without prejudice*; and therefore, that dismissal did not satisfy the third and fourth prongs of the *Swofford* test. I also note that the majority opinion deals with that argument by pointing out that *Seaboard* was an Arkansas case but the state claim here was dismissed by a federal court and stating that "we are unwilling to assume, particularly without benefit of argument from either party, that the federal court, by its silence,

dismissed appellant's state claim without prejudice."

However, I have no problem with looking at the issue presented here in greater depth than that argued by the parties. This is done time after time in both trial and appellate courts. There is a great deal of difference between deciding a case on an issue not presented by the parties and doing additional research on an issue presented. Here, I did read more cases on the issue presented than the parties cited. For that matter all of the judges in this case were furnished a memorandum by one of our staff attorneys that cited many cases, and contained thoughts and perspectives, not disclosed by the briefs filed by the parties.

In his book *One Life in the Law*, at 112, Robert A. Leflar, whose legal career as an attorney, teacher, and appellate judge surely qualifies his opinion as worthy of note, has this to say:

> The adversary system does not perfectly serve the law-making function of the appellate judicial process. Ultimately, it is the judges' diligence and wisdom that must be relied upon to assure that the function is properly performed. They must think not only of the little sets of facts that the immediate cases present but of an undetermined number of sets of facts to which the precedent may in the future be applied. Judges may rely upon the writings of scholars not employed to represent the interests of litigants, but concerned rather with sound correlation of law with the socioeconomic and political needs of the community. These are the ones who today most conscientiously present to the courts the needs and concerns of society. Their work may be cited in briefs of counsel, or it may not, but wise judges avail themselves of it whether it is cited or not. And in their opinions good courts do cite it, or at least make use of it.

I would reverse the trial court's dismissal of this case and remand for further proceedings.